1  **PETER E. DUNKLEY, ESQ.**
   **Nevada Bar No.: 11110**
2  **WOLFE & WYMAN LLP**
   **980 Kelly Johnson Drive, Suite 140**
3  **Las Vegas, NV 89119**
   **Tel: (702) 476-0100**
4  **Fax: (702) 476-0101**
   **pedunkley@wolfewyman.com**
5
   Attorneys for Defendants,
6  **DEUTSCHE BANK NATIONAL TRUST**
   **COMPANY, MORTGAGE ELECTRONIC**
7  **REGISTRATION SYSTEMS, INC. and FIRST**
   **FRANKLIN FINANCIAL CORPORATION**
8  **(erroneously named as FIRST FRANKLIN a**
   **division of CITY BANK OF INDIANA)**
9

10                    **UNITED STATES DISTRICT COURT**

11                       **FOR THE DISTRICT OF NEVADA**

12

13  OVIDIU ENE, an individual,                    CASE NO.:   2:08-CV-01550-LDB-LRL

14         Plaintiff,                             Nevada District Court Case No.: A574145
       v.
15
    DEUTSCHE BANK NATIONAL TRUST
16  COMPANY FOR FIRST FRANKLIN                        **ORDER GRANTING**
    MORTGAGE LOAN TRUST 2006 – FF10             **DEFENDANTS' MOTION FOR**
17  MORTGAGE PASS-THROUGH CERTIFICATES           **SUMMARY JUDGMENT: EXPUNGING**
    SERIES 2006 – FF10, MORTGAGE                 **LIS PENDENS**
18  ELECTRONIC REGISTRATION SERVICES,
    INC., T.D. SERVICE COMPANY; FIRST
19  FRANKLIN, a division of NATIONAL CITY
    BANK OF INDIANA, and DOES 1 through 50,
20  inclusive.

21         Defendants.

22

23         Defendants, Deutsche Bank National Trust Company for First Franklin Mortgage Loan Trust

24  2006-FF10 Mortgage Pass-Through Certificates Series 2006-FF10 (erroneously named as Deutsche

25  Bank National Trust Company) (hereinafter "Deutsche Bank"), Mortgage Electronic Registration

26  Systems, Inc. (erroneously named as Mortgage Electronic Registration Services, Inc.) (hereinafter

27  "MERS"), and First Franklin Financial Corporation (erroneously named as FIRST FRANKLIN a

28  division of CITY BANK OF INDIANA) (hereinafter "First Franklin") (hereinafter collectively

                                                1

1  "Defendants"), filed a Motion for Summary Judgment and a Motion to Expunge Lis Pendens on
2  May 26, 2010, (Docket Nos. 52 and 53).
3      The Court having considered the moving papers, its own files and good cause appearing rules
4  as follows:
5      1.    Pursuant to the Court's minute Order, any Response and/or Opposition to
6  Defendants' Motion for Summary Judgment was required to be filed with the Court and served by
7  June 19, 2010. (*See*, Docket No. 52.) Likewise, any Response and/or Opposition to Defendants'
8  Motion to Expunge Lis Pendens was required to be filed and served by June 12, 2010. (*See,* Docket
9  No. 53.)
10     2.    No Responses and/or Oppositions have been submitted to the Court within the
11 prescribed timeline. Pursuant to Local Rule 7-2(d): "[t]he failure of an opposing party to file points
12 and authorities in response to any motion shall constitute consent to the granting of the Motion."
13     3.    The Court may grant the motions without a hearing where a Local Rule provides
14 another party who has failed to timely file an Opposition is deemed to have waived any objection to
15 the Motion. *See,* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995).
16     4.    Plaintiff fails to set forth a cause of action for violation of TILA since neither
17 Deutsche Bank nor MERS were the initial lender in the underlying transaction. Additionally,
18 Plaintiff failed to set forth a claim for rescission since he did not request in writing rescission within
19 the requisite time, nor indicate that she was ready, willing and able to pay the amount due and owing
20 on the principal and interest remaining on the mortgage.
21     5.    Plaintiff's Complaint fails to state a cause of action for violation of RESPA since
22 neither Deutsche Bank or MERS was not a loan servicer and Plaintiff set forth no facts in support of
23 the allegation that loan servicing had ever been transferred. Plaintiff's request for relief for
24 rescission and compensatory damages are not permitted pursuant to RESPA.
25     6.    Plaintiff fails to set forth a claim for relief against any of the Defendants for breach of
26 fiduciary duty since they have not alleged that the lender/debtor relationship in this instance was
27 anything more than an arm-length's business transaction. Additionally, Deutsche Bank and MERS
28 were not involved in the initial funding of the loan so no fiduciary relationship would have existed.

7.   Plaintiff fails to set forth a claim of relief for injunctive relief since MERS is the entity authorized to foreclose under the terms of the trust deed, and consequently, any foreclosure conducted on MERS' behalf is permissible pursuant to N.R.S. § 107.080.  Furthermore, Plaintiff's claim that MERS may not conduct business in Nevada due to failure to register with the Secretary of State is without merit since MERS is exempt from N.R.S. § 80.010 as a business securing or collecting debts or enforcing mortgages and security interests and properties securing the debts.

8.   Plaintiff fails to state a claim against any of the Defendants for declaratory relief for which relief can be granted.  There is no actual justiciable controversy regarding the rights of the parties to the subject property.  Additionally, Plaintiff's suggestion that recordation of documents in order to transfer an interest in land is required is without merit.

9.   Plaintiff's Complaint fails to state a claim against First Franklin for negligence for which relief may be granted.  Specifically, Plaintiff's cause of action for negligence is nothing more than labels and conclusions and further, First Franklin has no duty of care to Plaintiff upon which Plaintiff may rest a negligence claim.

10.   Plaintiff cannot set forth a cause of action for negligence *per se* since Plaintiff fails to set forth sufficient facts to demonstrate any sort of violation of an underlying statute which is a prerequisite for negligence *per se*.

IT IS THEREFORE ORDERED that based on the foregoing, Defendants' Motion for Summary Judgment (Docket No. 52) is GRANTED.

IT IS FURTHER ORDERED that based on the foregoing, Defendants' Motion to Expunge Lis Pendens (Docket No. 53) is GRANTED.

IT IS FURTHER ORDERED that the Notice of Pendency of Action or Lis Pendens filed by the Plaintiff related to the Subject Property, APN No.: 163-11-701-013, as instrument number: 20081023-0003032, in relation to this matter shall be expunged.

///
///
///
///

1   IT IS FURTHER ORDERED that a copy of this Order can be recorded with the Clark

2   County Recorder's Office in the applicable chain of title.

3   **IT IS SO ORDERED.**

4   Dated ___9 July 2010___

6   _____
    U.S. DISTRICT COURT JUDGE

8   Respectfully submitted,

9   WOLFE & WYMAN LLP

11  By: */s/ Peter E. Dunkley*
    PETER E. DUNKLEY, ESQ,
12  Nevada Bar No.: 11110
    980 Kelly Johnson Drive, Suite 140
13  Las Vegas, NV 89119
    Attorneys for Defendants
14  DEUTSCHE BANK NATIONAL
    TRUST COMPANY, MORTGAGE
15  ELECTRONIC REGISTRATION
    SYSTEMS, INC. and FIRST
16  FRANKLIN FINANCIAL
    CORPORATION (erroneously named as
17  FIRST FRANKLIN a division of CITY
    BANK OF INDIANA)

Dated: June 29, 2010

H:\Matters\Home Loan Services, Inc. (1385)\060 (Ene)\Pleadings\Proposed Order MSJ.doc